UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TANGELIA DOSHIE, | ) |
|                 Plaintiff, | ) |
| vs. | ) Case No. 4:22-CV-305 PLC |
| KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security, | ) |
|                 Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Kilolo Kijakazi's motion to reverse the decision of the administrative law judge (ALJ) and remand this action to Defendant pursuant to sentence four of section 205(g), 42 U.S.C. § 405(g).[1] [ECF No. 12] Plaintiff Tangelia Doshie filed a response stating she has "no objection" to Defendant's motion. [ECF No. 13]

On March 14, 2022, Plaintiff filed a complaint seeking review of Defendant's decision that Plaintiff was not under a disability within the meaning of the Social Security Act. [ECF No. 1] On June 6, 2022, Defendant filed a transcript of the administrative proceeding and the instant motion to reverse and remand. [ECF Nos. 11 & 12]

By her motion, Defendant requests the Court reverse and remand the case for further action under 42 U.S.C. § 405(g), which permits the Court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c)(1). [ECF No. 8]

Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g). Defendant explains:

> Upon review of the record, the agency determined that remand is necessary because evidence the ALJ referenced and relied upon in the January 12, 2022 hearing decision is missing from the record. In addition, remand is necessary because the ALJ's January 12, 2022 hearing decision did not properly consolidate Plaintiff's subsequent Title II and XVI claims and exhibit the evidence included with the subsequent applications, and thus further evaluation of that evidence is necessary.

[ECF No. 12]  Defendant states that, on remand, the Appeals Council will instruct the ALJ to: properly consolidate ethe subsequent claims for Title II and Title XVI disability benefits; offer Plaintiff an opportunity for a hearing; take any further action needed to complete the administrative record; and issue a new decision on the consolidated claims. [Id.] Defendant further explains that "[r]emand would expedite administrative review, ensure that the Commissioner properly considers Plaintiff's claims, and could make judicial review unnecessary." [Id.]

Based on the record, the Court grants Defendant's unopposed motion to reverse the ALJ's decision and remand this matter to Defendant for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's unopposed motion to reverse and remand [ECF No. 12] is **GRANTED**.

A separate judgment in accordance with this Memorandum and Order is entered this same day.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of June, 2022